# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED ENTERED
LODGED RECEIVED

SEP 06 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Hazel L. Sanders     *

9950 Guilford Road #111

Jessup, Maryland 20794     *
*(Full name and address of the plaintiff)*
         **Plaintiff(s)**

      vs.     *     Civil No.: **ELH 13 CV 2590**
                                                          *(Leave blank. To be filled in by Court.)*

Berkshire Properties

Enos Contractors     *

Tracy Richards

9220 Old Lantern Way     *

Laurel, MD 20723
*(Full name and address of the defendant(s))*
         **Defendant(s)**     *
                               ******

## COMPLAINT

1. Jurisdiction in this case is based on:

    ☐    Diversity (none of the defendants are residents of the state where plaintiff is a resident)

    ☒    Federal question (suit is based upon a federal statute or provision of the United States Constitution) Title Eight of the Civil Rights Act

    ☐    Other (explain) _____

    _____

    _____

2. The facts of this case are:

When I moved to Maryland, October of 2006 I brought my service/support dog Emily. I also brought the paperwork from my doctor in Ohio that I needed a service/support dog for health reasons. Berkshire properties accepted the paperwork. My service/support dog Emily lived on the property for over four years. I had to have her put down December 26, 2010. In March of 2011 I told Ms. Penny Bilawa, Property Manager for The Seasons apartment complex, owned by Berkshire Properties, where I lived that I would be getting another dog. Ms. Bilawa told me that it shouldn't be a problem since they had a was history of my other service/support dog Emily living on the property without incident. She told me to get the proper paperwork from my doctor in Maryland. I got the proper paperwork from my doctor here in Maryland. In August of 2011 I asked for a reasonable accommodation for a service/dog. I put it in writing and presented the documentation from my doctor along with it I also signed everything that was they required I sign. Everything seemed to be going fine until a contractor tried to enter my townhouse with a passkey. He didn't knock. He tried to enter and when I heard someone trying to enter our townhouse I ran to the door and locked the door back. I asked him who he was and what he wanted? He had no identification on his shirt. He only spoke two words of English and they were "vacant apartment and power wash." He never identified himself. He kept trying to enter and I kept locking the door back. This was approximately between 1:30 -2:00 p. m in the afternoon. I told him that obviously our townhouse was occupied. I told him that we had no work order in. We scuffled at the door. I was very frightened because there had been several day time burglaries including the building that we lived in. I told the man that I was calling 911. He pulled out the passkey and the tumbler and fled. In the meantime the police was on the way. I called The Season's office and explained what happened. I was told not to make a police report. I explained that the police was on the way and that I was making a police report. They never gave me an answer to my reasonable accommodation request. I filed a complaint with the Philadelphia Office of Fair Housing in September of September 2011because they never gave me an answer to my reasonable accommodation request for another service/support dog. Also, because of the incident with the man trying to enter our townhouse. (I was told later that he worked as a contractor for the Seasons). Berkshire's Law Firm sent me a letter saying that I had to move. In the meantime I had contacted a lawyer Ms. Dawn Jackson and explained what was going on. She took my case on a contingency basis because I am on a fixed income. She contacted the defendant's law firm. At the beginning they considered giving me enough money to relocate in exchange for me signing a document not to take them to court. I have all of the email's and paperwork from Ms. Dawn Jackson with regard to the settlement she was negotiating with Berkshire's attorneys. Berkshire's attorneys decided not to give me any money to relocate but wanted me to sign a document to not to take them to court and give them a move out date instead. I refused to the sign document not taking them to court. I consulted an attorney and he told me to give them notice that I would be getting a dog because I needed a dog for health reasons. A neighbor let me use her dog while I was waiting for my puppy. I gave The Seasons office a notice in writing stating that I my puppy would be residing with me after October 22, 2011. In November of 2011 I received a letter from Berkshire attorneys telling me that I had to move out. I had

contacted Fair Housing's Philadelphia Office in September of 2011. Ms. Konstantina Tatsis was the lady that contacted me from the Philadelphia Office of Fair Housing in September of 2011 after I filed a complaint. I sent her all of the documentation that she required. I contacted her about the letter I received in November of 2011with regard to my having to move out. She stopped Berkshire attorneys from forcing me to move out. I didn't sign the agreement not to take Berkshire to court and the harassment continued. It was subtle at first. I also contacted the Maryland Commission on Civil Rights. I had just gotten out of the hospital end of April of 2011. I received another letter from Berkshire's attorneys the first of May 2011 telling me that I had to move because of my dog. Mr. Cleveland Horton of The Maryland Commission on Civil Right's stopped them from making me move. He also tried to negotiate a settlement whereby they would give me enough money to move in exchange for my signing the agreement not to take them to court. Berkshire attorneys decided not to give me any money to move and they wanted me to come in a sign the document not to take them to court. The Maryland Commission on Civil Rights closed my case saying that I wasn't co-operating which wasn't fair because I co-operated and did everything that I was asked to do. I filed a rebuttal letter with the Maryland Commission on Civil Rights. I was willing to co-operate but Berkshire attorneys wasn't co-operating. My point is that the reason that The Maryland Commission Civil Rights closed my case because they claimed I wasn't willing to co-operate but Berkshire's lawyers wasn't co-operating. It was me, because I was co-operating.

In June of 2012 I was walking my puppy early one Sunday morning and the family of Tracy Richards (he's a maintenance man for The Season's apartments) )was standing in the parking lot. It was three of them standing there. As I walked by the guy said something to his family member named Heather. She said something back to him about my puppy and then she said to me N****r why are you still living here? I went to my townhouse and put the dog in the townhouse. I went back out to the parking lot to move my daughter's car because it was parked near the Richard's townhouse and I was afraid that they might damage my daughter's car so I moved it closer to our townhouse. When I went out to move my daughter's car Tracy Richard's (maintenance man for The Season's) came out into the parking lot and threatening me and calling me names. I called 911. The police came out to my home and I explained that Tracy Richards had threatened me and call me names. I also explained my encounter with his family member to the police. I made a police report about the incident. I moved December 13, 2012. I didn't sign the document that The Season's attorneys wanted me to sign not to take them to court. Recently, I received a call from someone representing The Seasons. I hung up. I have been harassed, stalked, called racial names by Tracy Richards and his family. The maintenance men are not suppose confront tenants. It's Berkshire's policy that they report any problems. Berkshire's maintenance man and his family violated this policy on many occasions. The situation was so stressful that I had to go to my doctor because my blood pressure was so high. I am disabled senior already and this situation affected my health.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

3.  The relief I want the court to order is:

☒  Damages in the amount of: $75,000.00

☒  An injunction ordering:   Stopping all harassment and they are not to contact me.

☐  Other (explain) 


September 5, 2013
(Date)

*Hazel L. Sanders*
(Signature)

HAzel L. SANDERS
9950 Guilford Rd. #111
Jessup, MD 20794
240-295-3161
(Printed name, address and phone number of Plaintiff)


### Privacy Rules and Judicial Conference Privacy Policy

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.