IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAZEL L. SANDERS,

    *Plaintiff*,

v.

ENOS CONTRACTORS *et al.*,

    *Defendants*.

Civil Action No. ELH-13-02590

## MEMORANDUM

On September 6, 2013, plaintiff Hazel L. Sanders, who is self-represented, filed suit against defendants Enos Contractors, Tracy Richards, and Berkshire Property Advisors, LLC, alleging that they have committed violations of the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.* ECF 1.[1] On December 31, 2014, plaintiff filed two motions: 1) a "Request for Extension for Production of Documents by the Defendants," requesting an extension of time for Sanders to respond to defendants' discovery request (ECF 39); and 2) a motion to appoint counsel (ECF 40). Plaintiff supplemented her motion to appoint counsel on January 5, 2014 (ECF 41), with a letter repeating her arguments in the first motion and a letter from her doctor (ECF 41-1).

No hearing is needed to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I will deny both motions.

---

[1] Plaintiff's Complaint names "Berkshire Properties," "Enos Contractors," and "Tracy Richards." ECF 1. "Berkshire Properties Advisors, LLC" answered the summons Ms. Sanders directed to "Berkshire Properties." *See* ECF 5, 8 (summons); ECF 10 (answer). Plaintiff never successfully served an entity called "Berkshire Properties," and all claims against "Berkshire Properties" were dismissed on December 4, 2014, under Fed. R. Civ. P. 4(m). ECF 38.

## I.   The Motion for Extension

Plaintiff's motion for an extension states as follows, ECF 39:  "I am respectfully asking the court for an extension of time for production of documents that the defendants are requesting because I am not represented by counsel.  I need time to retain counsel which I am still trying to do.  Or time to prepare because I am acting pro se at this point."

As stated, plaintiff filed suit in September 2013.  ECF 1.  Therefore, she has had more than a year to obtain counsel.

At the outset, plaintiff asked the Court to appoint counsel.  ECF 3.  The motion was denied, for the reasons stated in my Order (ECF 14).

On April 17, 2014, plaintiff renewed her request for appointment of counsel.  ECF 15.  At about the same time, on April 24, 2014, a Scheduling Order was issued for this case.  *See* ECF 16.  It set a discovery deadline of September 8, 2014.  *Id*. at 3.  In that Order, I advised the parties to submit any request to change any deadline established by the schedule, in writing, no later than May 9, 2014.  *Id*. at 2.  The Order furthered advised that any requests submitted after that date would only be authorized "for good cause shown."  *Id.*  On May 8, 2014, plaintiff asked the court to modify the Scheduling Order, and "to consider an extension of time," without further detail, explaining that she needed "more time to retain legal counsel."  ECF 17.  The same day, I denied the request for appointment of counsel, but granted plaintiff's renewed request for an extension, and extended all deadlines in the Scheduling Order by six weeks.  ECF 18.

On October 21, 2014, defendant Richards moved for an extension of the discovery deadline until February 24, 2015.  ECF 32, ¶ 9.  The motion was joined by Sanders.  *Id*. ¶ 8.  In

light of the fact that Richards had been served with the Complaint on July 24, 2014, I granted the motion.  ECF 33.

Under Federal Rule of Civil Procedure 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  "'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.'"  *Jones v. Hoffberger Moving Servs. LLC*, JKB-13-535, 2014 WL 6892164, at *2 (D. Md. Dec. 3, 2014) ((quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997)); *accord, e.g.*, *Kolb v. ACRA Control, Ltd.*, 88 F. Supp. 3d 515, 527 (D. Md. May 16, 2014) (holding no good cause shown where no showing of efforts to meet deadline).

As noted, the parties' discovery deadlines have previously been extended.  The current discovery deadline of February 26, 2015 (ECF 33) is more than six weeks away.

The Court appreciates that Ms. Sanders has submitted her motion for extension of time well in advance of the deadline.  However, Ms. Sanders has not shown why diligent efforts over the next six weeks cannot suffice to meet the deadline.  Indeed, there is no good cause to modify the schedule.  Therefore, the motion (ECF 40; ECF 41) is denied.

## II.  Request for Counsel

As noted, in September 2013, and again in April 2014, plaintiff asked the Court to appoint an attorney for her.  *See* ECF 3, ECF 15.  She argued that she could not afford counsel because she "is a disabled senior on a fixed income."  ECF 3.  I denied plaintiff's initial motion, finding that Ms. Sanders had "demonstrated the wherewithal either to articulate the legal and factual basis of her claims herself or to secure meaningful assistance in doing so," and that the

"issue pending before the Court is not unduly complicated." ECF 14 at 1-2. Therefore, I found there were no "exceptional circumstances" warranting appointment of counsel. *Id.* Plaintiff moved the Court to reconsider this ruling, *see* ECF 15, and the Court denied that motion as well, for the reasons previously stated. ECF 18.

In her recent requests (ECF 40, 41), plaintiff acknowledges the high standard set for appointment of counsel. She states: "I realize that there has to be exceptional circumstances to appoint counsel in civil cases." ECF 40 at 1. She explains that her situation is exceptional for "medical reasons." *Id.* Specifically, she asserts that the stress she is experiencing in relation to this case is causing her to have high blood pressure. *Id.* In support of her request, plaintiff submitted a letter from Abeda Ali Khan, M.D., which states: "She has been under stress which has possibly been aggravating her medical condition. She needs counsel to represent her in court." ECF 41-1 at 1. Plaintiff also states: "For the last several months I have made every effort to retain counsel to represent me to no avail." ECF 40 at 1.

Under 28 U.S.C. § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel, *e.g.*, a person proceeding in forma pauperis, as Ms. Sanders is here. *See* ECF 4 (order granting motion to proceed in forma pauperis). But, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District*

*Court*, 490 U.S. 296, 298 (1989).  "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  *Whisenant*, 739 F.2d at 163.

Upon careful consideration of the motion, and plaintiff's previous filings, the Court finds, again, that Ms. Sanders has demonstrated the wherewithal to articulate the legal and factual basis of her claims or to secure meaningful assistance in doing so.  She has, for example, correctly applied the "exceptional circumstances" standard to her renewed motion for appointment of counsel.  *See* ECF 40.  Moreover, Ms. Sanders has not persuaded the Court that stress resulting from this case is in fact causing any medical problems, or, if it is, that these problems rise to the level of "exceptional circumstances."  The one piece of evidence plaintiff provides states only that stress has "*possibly* been aggravating" Ms. Sanders's "medical condition," *see* ECF 41-1 (doctor's letter) (emphasis added), which Ms. Sanders explains is her high blood pressure.  *See* ECF 41.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1) at this time.  *See*, *e.g.*, *Dire v. United States*, 990 F. Supp. 2d 583, 586 (E.D. Va. 2013) ("To be sure, poverty, legal unsophistication, and lack of education are circumstances encountered by many prisoners who are nonetheless capable of filing [habeas] petitions without the assistance of counsel.").

An Order follows.


Date: January 7, 2015                         _____/s/_____
                                              Ellen Lipton Hollander
                                              United States District Judge