**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

December 3, 2015

LETTER TO PLAINTIFF AND COUNSEL

Re: *Hazel Sanders v. Enos Contractors, et al.*
Case No. ELH-13-2590

Dear Ms. Sanders and Counsel:

This case was referred to me for the resolution of discovery disputes and related scheduling matter. (ECF No. 55.) Two motions are pending before me: Plaintiff Hazel Sanders' ("Sanders") "Motion for Extension of Time to Comply With Order of Discovery" ("Motion for Extension") (ECF No. 70) and Defendant Tracy Richards' ("Richards") Motion for Sanctions (ECF No. 72). Having considered the submissions of the parties, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, Sanders' Motion for Extension of Time is **DENIED** and Richards' Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. As explained below, the Court will give Sanders one final opportunity to respond to Richards' discovery requests.

On April 16, 2015, the Court granted Richards' motion to compel discovery, and directed Sanders to respond to Richards' interrogatories and document production requests by May 1, 2015. (ECF Nos. 50 & 56.) The Court cautioned Sanders that failure to comply with the order could result in the imposition of sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). (ECF No. 56 at 2.) According to the status report filed by Richards on November 6, 2015 (ECF No. 71 ¶ 1) and Richards' Motion for Sanctions (ECF No. 72 at 2), Sanders has not responded to the interrogatories and document production requests.

On November 4, 2015, Sanders filed her Motion for Extension and requested a three week extension to comply with the Court's April 16, 2015 Order.[1] (ECF No. 70 at 1.) In support of her request, Sanders stated that she had "files dating back to 2011," some of which were in a storage unit, and that she had "never [gone] through discovery before." (*Id.*)

Richards opposes Sanders' Motion for Extension. (ECF No. 73.) Richards notes that Sanders has had "ample time to comply with the April 16, 2015 Order" and has offered no justification for her failure to respond to discovery. (*Id.*) On December 2, 2015, Sanders filed a letter addressed to Judge Hollander dated November 24, 2015. (ECF No. 74.) The Court will construe this letter as a reply to Richards' opposition and as a response to Richards' Motion for Sanctions. In the letter, Sanders explains that she was confused about whether her Motion for

[1] The Court assumes that Sanders' Motion for Extension seeks an extension of time through November 25, 2015, which is three weeks from the date that her motion was filed.

Extension had already been denied by the Court, and that she has filed a complaint with Maryland's Attorney Grievance Commission against defense counsel. The letter does not explain why she still has not complied with the Court's April 16, 2015 Order.

Sanders has offered no legitimate explanation for her failure to respond to Richards' interrogatories and document production requests. "Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N. Carolina at Charlotte*, No. 3:08–CV–166–RJC–DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). Sanders brought this action against Richards, and she has the obligation to comply with the rules that require her to provide complete and non-evasive answers to interrogatories, and complete and non-evasive responses to document production requests. Her failure to do so will not be excused.

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss[ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

"Dismissal . . . is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC–09–2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)).

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant;

(3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. CIV. A. 94–0055–C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g., Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98–2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Having considered these factors, the Court finds that sanctions less severe than dismissal may be effective to secure Sanders' response to the outstanding discovery requests. If, however, Sanders does not provide complete, substantive, and non-evasive responses to the outstanding interrogatories and document production requests by the date specified, the Court will recommend to the presiding judge that this case be dismissed with prejudice. Accordingly, Sanders' Motion for Extension is **DENIED**. Richards' Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**, as specified below.

**On or before December 18, 2015**, Sanders shall serve complete, substantive, and non-evasive responses to Richards' outstanding interrogatories and document production requests. Absent extraordinary cause, there will be no extension of this deadline. Sanders may not withhold discovery on the basis of any objection or assertion of privilege. She has waived her right to do so by failing to respond to the discovery requests as required by the federal rules and this Court's April 16, 2015 Order. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 356 (D. Md. 2008). In the event that Sanders fails to comply with this Order compelling the production of discovery, Richards may file a renewed motion for sanctions, and the Court may issue the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Sanders should understand this Order to be an "explicit and clear" warning that her case stands to be dismissed if she does not comply. *See Sadler*, 178 F.R.D. at 59-60.

      The Clerk of Court is directed to mail a copy of this Order to Sanders at the address on file with the Court.

      Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

      Very truly yours,

      /s/
      Timothy J. Sullivan
      United States Magistrate Judge